# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIEGO M. GALIETTI, | Case No.: 2:21-cv-02034-APG-BNW |
| Plaintiff | **Order Granting in Part Defendant's Motion to Dismiss** |
| v. | [ECF No. 12] |
| WESTERN PROGRESSIVE-NEVADA, INC., | |
| Defendant | |

Plaintiff Diego Galietti owns property located at 3569 Pinnate Drive in Las Vegas, Nevada. The property is encumbered by a deed of trust for which defendant Western Progressive-Nevada, Inc. (WP) is the current trustee. Galietti alleges that WP lacks authority to foreclose on his property because there are gaps in the chain of assignments of the deed of trust. WP moves to dismiss, arguing that it has authority to foreclose, Galietti lacks standing to challenge the assignments, and Galietti failed to name a necessary party. Galietti responds that he has standing to ensure WP has the authority to foreclose on his property and WP has never explained a gap in the chain of assignments, even though the Supreme Court of Nevada pointed out this gap. He contends that because the original lender filed for bankruptcy prior to any transfers of the deed of trust, it is unclear whether the subsequent transfers were valid, voidable, or void. And he contends that because he does not know who the proper beneficiary under the deed of trust is, he could not name another party.

I grant in part WP's motion to dismiss in that I order Galietti to amend his complaint to sufficiently allege jurisdictional facts, name a required party or parties, and more clearly set forth his claims. I maintain the pending injunction and order supplemental briefs.

## I. BACKGROUND

Galietti obtained title to the property in October 2003. ECF No. 12-1. In July 2004, He took out a loan from American Home Mortgage Acceptance, Inc. (AHM Acceptance), who secured the loan through a deed of trust encumbering the property. ECF No. 12-2 at 2, 16. The deed of trust identified Galietti as the borrower; AHM Acceptance as the lender; Chicago Title Lender Source as the trustee; and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, solely as a nominee for the lender and the lender's successors and assigns. *Id.* at 2-3.

On September 29, 2004, American Home Mortgage Servicing, Inc. (AHM Servicing) entered into an agreement with Citibank, N.A. as indenture trustee under which AHM Servicing would service loans placed in the newly created American Home Mortgage Investment Trust 2004-3. ECF No. 28-3. The agreement refers to a schedule of loans that are covered by the agreement. *Id.* at 5, 53. Neither party in this case has presented that schedule to me, so it is unclear if Galietti's loan was included. AHM Acceptance is not a party to this agreement. However, in a bankruptcy proceeding, Citibank identified AHM Acceptance as the seller of the loans in the trust, even though it was not a party to the servicing agreement. *In re: American Home Mortgage Holdings, Inc.*, 07-11047-CSS (Bankr. D. Del.), ECF No. 723 at 7. AHM Acceptance sold the loans under a Mortgage Loan Purchase Agreement (MLPA) related to the servicing trust. *Id.* at 7 n.5. Neither party in this case has presented evidence regarding whether the Galietti loan was sold through the MLPA.

In August 2007, AHM Acceptance filed for bankruptcy along with several affiliated companies, including AHM Servicing. ECF No. 28-2; *see also In re: American Home Mortgage*

*Acceptance, Inc.*, 07-11049-CSS (Bankr. D. Del), ECF No. 1.[1] The debtors proceeded through joint administration. *In re: American Home Mortgage Acceptance, Inc.*, 07-11049-CSS (Bankr. D. Del.), ECF No. 3 (designating *In re: American Home Mortgage Holdings, Inc.*, 07-11047-CSS as the lead case).

Upon filing for bankruptcy, the debtors immediately requested court approval to sell the mortgage servicing business as well as loan assets. *Id.*, ECF Nos. 11, 12. The court approved the sale of the servicing business to AH Mortgage Acquisition Co., Inc. on October 30, 2007. ECF No. 28-4 at 3, 45. A schedule of servicing agreements that were being sold was attached to the order. ECF No. 28-5. The agreement between AHM Servicing, Citibank, and American Home Mortgage Trust 2004-3 is included in this schedule. *Id.*

In April 2009, AHM Servicing, as successor-in-interest to Option One Mortgage Corporation, recorded a transfer of the deed of trust to Citibank, N.A. as trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3.[2] ECF No. 12-3. The Supreme Court of Nevada noted in a February 2012 ruling in prior litigation between Galietti and WP that this assignment created an unexplained gap in the chain of assignments because the original lender was AHM Acceptance and the original beneficiary was MERS. ECF No. 12-4 at 3-4. Consequently, it was unclear how AHM Servicing, as successor-in-interest to Option One Mortgage, had the authority to transfer the deed of trust.

---

[1] "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (quotation omitted).

[2] The assignment states that it was effective as of March 26, 2004. ECF No. 12-3 at 3. That is a curious notation given that the deed of trust was not in existence on March 26, 2004. *Id.* at 2 (identifying deed of trust date as July 9, 2004). That also would be before the September 2004 agreement between AHM Servicing, Citibank, and American Home Mortgage Trust 2004-3, as well as before the consolidated AHM bankruptcy proceedings.

Following the Supreme Court of Nevada's decision, an assignment of the deed of trust was recorded in January 2013 from MERS to Citibank, N.A., as Indenture Trustee for American Home Mortgage Investment Trust 2004-3. ECF No. 12-5 at 2.  The assignment identified Citibank's address as being in care of Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. *Id.*  Citibank as Indenture Trustee American Home Mortgage Investment Trust 2004-3 subsequently transferred the deed of trust to itself as trustee for American Home Mortgage Investment Trust 2004-3. ECF No. 12-6.  Citibank then substituted WP for the original trustee (Chicago Title Lender Source). ECF No. 12-7.

WP recorded a notice of default in December 2016 that identified itself as the trustee, Citibank as Trustee for American Home Mortgage Investment Trust 2004-3 as the current holder of the note and beneficiary of record for the deed of trust, and Ocwen Loan Servicing, LLC as the current loan servicer. ECF No. 12-8 at 8.  It also identified the following assignments of the deed of trust: (1) the April 2009 assignment from AHM Servicing to Citibank, (2) the January 2013 assignment from MERS to Citibank, (3) the August 2014 assignment from Citibank as indenture trustee to Citibank as trustee, and (4) a November 2016 assignment from MERS as nominee for AHM Acceptance and its successors and/or assigns to Citibank as trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes Series 2004-3. Again, neither party has provided the November 2016 assignment to me or explained how MERS still had authority to assign the deed of trust at this point.

WP recorded another notice of default in June 2021. ECF No. 12-12.  That notice of default identified WP as the trustee; Citibank as trustee for American Home Mortgage Investment Trust 2004-3 as the current holder of the note and beneficiary of record; and Ocwen

as the current loan servicer. *Id.* at 8. It identified the same series of assignments the December 2016 notice of default recited. *Id.* at 10.

WP recorded a notice of trustee's sale in September 2021 setting a sale date for November 12, 2021. ECF No. 11-14. That prompted Galietti to seek injunctive relief to stop the sale. ECF Nos. 2, 5. In response, WP agreed to postpone the sale to December 16, 2021. ECF No. 7 at 1. Because Galietti had originally filed only a motion for injunctive relief, I ordered Galietti to file a complaint that stated the jurisdictional basis for his claims and to serve WP. *Id.* at 2.

WP opposed the request for an injunction and moves to dismiss. ECF Nos. 11, 12. I held a hearing at which I granted Galietti's motion for an injunction and ordered supplemental briefing on the issues raised at the hearing, "including how MERS had authority to execute the December 13, 2012 (recorded January 2, 2013) assignment to Citibank as Indenture Trustee . . . after the bankruptcy of" AMH Acceptance. ECF No. 19 at 1.

Those supplemental briefs and WP's motion to dismiss are now pending. Additionally, the question of whether this court has subject matter jurisdiction has not been resolved.

## II. MOTION TO DISMISS

WP argues that the January 2013 assignment cured the gap in the chain of title and, in any event, Galietti lacks standing to challenge any assignment. WP also contends that Galietti failed to name Citibank as a necessary party.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in the light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation*

*v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

As I indicated at the December 21, 2021 hearing, Galietti has standing to challenge void, as opposed to voidable, assignments. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (distinguishing between void and voidable assignments and holding that a borrower lacks standing to challenge a voidable assignment). *Wood* does not support WP's argument that a borrower lacks standing to challenge void assignments. WP does not explain why the Supreme Court of Nevada would distinguish between void and voidable contracts if the borrower lacked standing either way. Moreover, other courts recognize this distinction, allowing borrowers to challenge void, but not voidable, assignments. *See, e.g.*, *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 859 (Cal. 2016) (holding that borrowers have standing to challenge assignments as void, but not as voidable, and gathering cases with similar holdings).

The Supreme Court of Nevada stated that a "loan assignment might be void . . . where the assignor did not possess the rights it was purporting to assign." *Wood*, 331 P.3d at 861 n.4. Galietti has plausibly alleged that the April 2009 transfer is void because nothing shows that AHM Servicing had the right to assign the deed of trust where MERS was the beneficiary of record and AHM Servicing appears to be a stranger to this deed of trust. He also plausibly alleges the April 2009 and January 2013 assignments are void because they were done post-bankruptcy and it is unclear whether AHM Servicing or MERS had the right to transfer the deed of trust at that point. Consequently, I deny this portion of WP's motion to dismiss.

However, I grant WP's motion in that I will not dismiss the complaint, but I will order Galietti to amend to add required parties. A person or entity is "required" and "must be joined" if feasible if either "in that person's absence, the court cannot accord complete relief among existing parties;" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). If such a person "has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

If the required party cannot be joined, then I "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). If the case "cannot proceed, a motion to dismiss under Rule 12(b)(7) for failure to join a party is properly granted." *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 851 (9th Cir. 2019).

Here, there are either one or two required parties. It is unclear from the parties' submissions whether Citibank as trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3 is a separate entity from Citibank as Trustee for American Home Mortgage Investment Trust 2004-3. The April 2009 assignment was to Citibank, N.A. as trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3. The January 2013 line of assignments went from MERS to Citibank, N.A., as Indenture Trustee for American Home Mortgage Investment Trust 2004-3, to Citibank as trustee for American Home Mortgage Investment Trust 2004-3. Finally, the November 2016 assignment was from MERS as nominee for AHM Acceptance and its

7

successors and/or assigns to Citibank as trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes Series 2004-3.

Consequently, Citibank is a required party because it claims an interest as the current beneficiary under the deed of trust in some capacity.  Disposing of the parties' claims in this case in Citibank's absence may impair or impede Citibank's ability to protect its interest.  Although WP has thus far litigated this action, WP has indicated an intent to request non-monetary status,[3] at which point it would lose its incentive to vigorously protect Citibank's interests.  Additionally, Citibank is in the best position to explain its asserted claim to be the recipient of non-void assignments. *See Dine Citizens Against Ruining Our Env't*, 932 F.3d at 852 (setting forth factors of whether an existing party will adequately represent the absent party's interest, including whether the existing party "will undoubtedly make all of the absent party's arguments; whether the party is capable of and willing to make such arguments; and whether the absent party would offer any necessary element to the proceedings that the present parties would neglect").  Nothing suggests that joining Citibank is not feasible.  I therefore order Galietti to amend his complaint to add Citibank.  If, after reasonable investigation, Galietti cannot determine whether there are two separate trusts, then Galietti must join Citibank as trustee for both.

Additionally, I direct Galietti to make other amendments.  Although I previously directed Galietti to provide the jurisdictional basis for this case, Galietti's pro se complaint did not adequately do so.  The complaint asserts both diversity and federal question jurisdiction. ECF No. 8 at 2.  However, the complaint does not identify WP's principal place of business. *Id.* at 3.  Additionally, the complaint asserts federal question jurisdiction, but the only federal statutory section cited does not exist. *Id.* at 11 (citing 15 U.S.C. § 1641(15)(2)).  Now that Galietti has

---

[3] *See* ECF No. 11 at 1 n.1.

counsel, he must file an amended complaint that adequately identifies a proper jurisdictional basis in this court, adds required parties, and sets forth his claims in a manner that gives fair notice to WP (and Citibank) of all of Galietti's claims.  If Galietti does not file an amended complaint by May 10, 2022, then I will dismiss this case for lack of subject matter jurisdiction and failure to name a required party.

## III.  INJUNCTIVE RELIEF

I previously entered an injunction precluding the sale of the property because there were serious questions going to the merits, Galietti had shown a likelihood of irreparable harm, and the balance of hardships tipped sharply in his favor. ECF Nos. 19; 20; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  I directed the parties to file supplemental briefs on the issues discussed at the December 21, 2021 hearing, "including how MERS had authority to execute the December 13, 2012 (recorded January 2, 2013) assignment to Citibank as Indenture Trustee . . . after the bankruptcy of" AHM Acceptance. ECF No. 19 at 1.  The parties' supplemental briefs do not answer many of the questions I posed.  I therefore maintain the injunction, subject to further supplemental briefing.

To begin, WP asserts that Galietti's loan was included in the September 2004 servicing agreement, and that explains why AHM Servicing could assign the deed of trust to Citibank in April 2009.  However, it is not clear from the record that Galietti's loan was placed in the trust or covered by the servicing agreement.  Even if it was, it is unclear how AHM Servicing would have authority to order an assignment given that the servicing business was sold in the bankruptcy to AH Mortgage Acquisition Co.

Likewise, the 2013 assignment from MERS to Citibank remains unexplained. There is no evidence about who directed MERS to make the assignment and if that person or entity had the right to do so at the time it gave the direction. While such an assignment might ordinarily be voidable, as opposed to void, in this case we have the added issues of an earlier unexplained assignment that may suggest MERS no longer had the right to make any assignment, as well as the AHM bankruptcy proceedings that have muddied the water as to who had the right to the deed of trust, at what point in time, and whether that is the person or entity who ordered MERS to make the assignment. There is also an unexplained November 2016 assignment from MERS even though MERS purportedly made an earlier assignment. And finally, as discussed above, it is unclear whether the assignees are the same or separate entities.

Serious questions on the merits therefore remain. Galietti is likely to suffer irreparable harm if his property in which he resides is foreclosed on. The balance of hardships tips sharply in Galietti's favor, particularly now that I have ordered Galietti to pay money into escrow while the injunction is in place. Galietti may lose his home, while WP and Citibank lose only the opportunity to foreclose until they can establish non-void transfers giving them the right to foreclose. The public interest remains neutral. I will order additional supplemental briefing to address my unanswered questions.

## IV. CONCLUSION

I THEREFORE ORDER that defendant Western Progressive-Nevada, Inc.'s motion to dismiss **(ECF No. 12) is GRANTED in part**. I do not dismiss the original complaint, but I order plaintiff Diego Galietti to file an amended complaint to add jurisdictional allegations and required parties, and to clarify his claims.

I FURTHER ORDER that if plaintiff Diego Galietti does not file an amended complaint by **May 13, 2022**, I will dismiss this case for lack of subject matter jurisdiction and failure to join required parties.

I FURTHER ORDER that plaintiff Diego Galietti will have 21 days after he files the amended complaint to serve the required party or parties.

I FURTHER ORDER that defendant Western Progressive-Nevada, Inc. (or any other defendant) may file a supplemental brief addressing the questions raised in this order by **May 27, 2022**. Any response brief may be filed 14 days thereafter.

DATED this 21st day of April, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE