WRIGHT, FINLAY & ZAK, LLP
Christina V. Miller, Esq.
Nevada Bar No. 12448
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
rhernandez@wrightlegal.net
*Attorneys for Defendant Western Progressive-Nevada, Inc. and Citibank, N.A., as Trustee of the American Home Mortgage Investment Trust 2004-3, Mortgage Backed Notes, Series 2004-3*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BANKRUPTCY ESTATE OF DIEGO GALIETTI, Nevada bankruptcy case no. 22-12001-nmc,<br><br>       Plaintiff,<br><br>vs.<br><br>WESTERN PROGRESSIVE-NEVADA, INC., a Delaware Corporation; CITIBANK, N.A., as Trustee of the American Home Mortgage Investment Trust 2004-3, Mortgage Backed Notes, Series 2004-3; and DOES I THROUGH X inclusive; and ROE CORPORATION XX through XXX, inclusive,<br><br>       Defendants. | Case No.:  2:21-cv-2034-APG BNW<br><br>**STIPULATION TO: (I) DISMISS ENTIRE CASE, WITH PREJUDICE; AND (II) EXECUTE CASH BOND DEPOSIT** |

Chapter 7 Trustee Robert E. Atkinson ("Ch. 7 Trustee") on behalf of the Bankruptcy Estate of Diego Galietti, Nevada bankruptcy case no. 22-12001-nmc ("Bankruptcy Estate"), and Defendants Citibank, N.A., as Trustee of the American Home Mortgage Investment Trust 2004-3, Mortgage Backed Notes, Series 2004-3 ("Citibank"); and Western Progressive-Nevada, Inc. ("Western Progressive") ("Defendants") (collectively "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

On June 17, 2022, Diego Galietti, the prior Plaintiff in this matter, filed his Notice of Bankruptcy [ECF NO. 49], which identified the Ch. 7 Trustee as the trustee of his Bankruptcy

1 | Estate.

2 | On July 26, 2022, the Ch. 7 Trustee filed a Motion to Substitute Chapter 7 Trustee as Plaintiff [ECF No. 60].

4 | On August 18, 2022, this Court entered an Order granting the Motion to Substitute Chapter 7 Trustee as Plaintiff [ECF No. 64]. Per the motion, the substituted Plaintiff is "Bankruptcy Estate Diego Galietti, Nevada bankruptcy case no. 22-12001-nmc."

7 | On October 8, 2022, the bankruptcy Court entered an Order Granting Motion to Approve Settlement Agreement [ECF No. 60]. A copy is attached hereto as **Exhibit A**. Per the terms of the Settlement Agreement, the Trustee and Defendants agreed to dismiss this case with prejudice.

10 | Therefore, the Parties stipulate agree to dismiss this case with prejudice. The parties further stipulate and agree that each party will bear its own fees and costs.

12 | Per Section 3(b) of the settlement, all temporary restraining order bond funds posted as cash deposits in this case, in the total amount of $6,750.00, are to be sent to PHH Mortgage Corporation. Therefore, the Clerk of the Court should be ordered as follows: pay the total amount of $6,750.00[1] from the bond funds on deposit to PHH Mortgage Corporation, remit those funds via check made out to "PHH Mortgage Corporation, 1 Mortgage Way, Mount Laurel, NJ 08054," and mail the check to PHH's counsel of record, Ramir Hernandez, Esq., Wright Finlay & Zak, LLP, 7785 W. Sahara Ave., Suite 200 Las Vegas, Nevada 89117. PHH Mortgage Corporation's EIN Number is 22-2195996.

/././
/././
/././
/././
/././
/././
/././

---

[1] See Certificates of Cash Deposit: ECF Nos. 31, 34, 37, 47, 53, and 62.

1     **IT IS SO STIPULATED.**

2     DATED this 12th day of October, 2022.

| WRIGHT, FINLAY & ZAK, LLP | THE BANKRUPTCY ESTATE OF DIEGO M. GALIETTI, NEVADA BANKRUPTCY CASE 22-12001-NMC |
|---|---|
| */s/ Ramir M. Hernandez* | */s/ Robert E. Atkinson* |
| Ramir M. Hernandez, Esq. | Robert E. Atkinson |
| Nevada Bar No. 13146 | 376 E. Warm Springs Rd. Ste 130 |
| 7785 W. Sahara Ave., Suite 200 | Las Vegas, NV 89119 |
| Las Vegas, NV 89117 | *Chapter 7 Trustee* |
| *Attorneys for Defendant, Western Progressive-Nevada, Inc. and Citibank, N.A., as Trustee of the American Home Mortgage Investment Trust 2004-3, Mortgage Backed Notes, Series 2004-3* | |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE
DATED: October 13, 2022

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
October 07, 2022
_____

WRIGHT, FINLAY & ZAK, LLP
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
rhernandez@wrightlegal.net
*Attorney for Secured Creditor, Citibank, N.A. as Trustee of the American Home Mortgage Investment Trust 2004-3 Mortgage-Backed Notes, Series 2004-3, and Western Progressive-Nevada, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DIEGO GALIETTI,<br><br>Debtor. | Case No.: 22-12001-nmc<br>Chapter:   13<br><br>**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT**<br><br>Hearing Date:  September 27, 2022<br>Hearing Time:  2:00 p.m. |

Citibank, N.A. as Trustee of the American Home Mortgage Investment Trust 2004-3 Mortgage-Backed Notes, Series 2004-3 ("Citibank") and Western Progressive-Nevada, Inc. ("Western Progressive")'s Motion to Approve Settlement Agreement came on for hearing at the date and time set forth above before the United States Bankruptcy Court.  Appearances were as noted in the record.

Page 1 of 4

The motion sought approval of a settlement reached between Citibank, Western Progressive, and Robert E. Atkinson, in his capacity as chapter 7 trustee for the Bankruptcy Estate of Diego Galietti ("Settlement").

Based upon the motion, the proposed Settlement, and oral argument at the hearing, the Court finds that the settlement is fair and equitable and meets the factors set forth in *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986). Therefore, good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the settlement, attached hereto as EXHIBIT 1, is **APPROVED**. All the terms, releases, and obligations therein (including the lifting of the automatic stay pursuant to Section 4(b)) shall become effective upon the docketing of this order.

**IT IS SO ORDERED.**

SUBMITTED BY:

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez*
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave, Suite 200
Las Vegas, NV 89117
*Attorneys for Secured Creditor, Citibank, N.A. as Trustee of the American Home Mortgage Investment Trust 2004-3 Mortgage-Backed Notes, Series 2004-3, and Western Progressive-Nevada, Inc.*

APPROVED AS TO FORM AND CONTENT BY:

*/s/Robert E. Atkinson*
Robert E. Atkinson
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
*Chapter 7 Bankruptcy Trustee*

[signature continued on next page]

APPROVED AS TO FORM AND CONTENT BY:

*/s/ Randal R. Leonard*
Randal R. Leonard, Esq.
Nevada Bar No. 6716
2901 El Camino Avenue, #200
Las Vega, NV 89102
*Attorneys for Debtor*

**RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

   \_\_\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

   \_\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

   \_\_X\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated.

   \_\_\_\_\_ I certify that this is a case under Chapter 7 or Chapter 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

# EXHIBIT 1

# to

# ORDER

# SETTLEMENT AGREEMENT

This Settlement Agreement ("*Agreement*") is made and entered into by and between THE BANKRUPTCY ESTATE OF DIEGO GALIETTI, Nevada bankruptcy case 22-12001-nmc ("*Bankruptcy Estate*"), by and through chapter 7 trustee ROBERT E. ATKINSON ("*Trustee*"), on the one hand, and WESTERN PROGRESSIVE-NEVADA, INC. ("*Western Progressive*") and also CITIBANK, N.A. AS TRUSTEE OF THE AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-3 MORTGAGE BACKED NOTES, SERIES 2004-3 ("*Citibank Trustee*"), on the other hand (collectively along with Western, the "*Settling Parties*"). Each person or entity may hereinafter be referred to as a "*Party*," or collectively as the "*Parties*."

## RECITALS

WHEREAS, Diego M. Galietti ("*Galietti* or "*Debtor*") owns real property located at 3569 Pinnate Dr., Las Vegas, NV 89147 [APN 163-16-617-002] ("*Property*"); and

WHEREAS, PHH Mortgage Corporation ("PHH") is the loan servicer and attorney in fact for Citibank Trustee, the note holder and beneficiary of the first Deed of Trust securing the Property.

WHEREAS, on December 17, 2019, Galietti filed a complaint in the United States District Court for the District of Nevada, Case No. 2:19-cv-02172-JCM-VCF ("*First Lawsuit*") against Western Progressive, seeking an emergency injunction and to stay a foreclosure sale on the Property; and

WHEREAS, Galietti and Western Progressive stipulated to dismiss the Federal Lawsuit, resulting in the district court dismissing the First Lawsuit on May 22, 2020; and

WHEREAS, on November 17, 2021, Galietti filed another complaint in the United States District Court for the District of Nevada, Case No. 2:21-cv-02034-APG-BNW ("*Second Lawsuit*") against Western Progressive for wrongful foreclosure on the Property; and

WHEREAS, on May 10, 2022, Galietti filed a first amended complaint in the Second Lawsuit, adding Citibank and asserting causes of action for Quiet Title, Wrongful Foreclosure, and Injunctive Relief against both Settling Parties; and

WHEREAS, on June 8, 2022 ("*Petition Date*"), Galietti filed a voluntary bankruptcy in the District of Nevada, commencing case 22-12001-nmc (the "*Bankruptcy Case*"), thereby creating the Bankruptcy Estate; and

WHEREAS, by operation of 11 U.S.C. § 541(a) and other applicable law, Debtor's plaintiff claims made in the Second Lawsuit are now property of the Bankruptcy Estate; and

WHEREAS, post-petition, on June 17, 2022, the Settling Parties filed a motion to dismiss the Second Lawsuit; and

WHEREAS, the Second Lawsuit was not disclosed anywhere in the Debtor's original schedules or statement of financial affairs; and

Settlement Agreement | Page 1

WHEREAS, at the continued 341 meeting of creditors held on July 25, 2022, Debtor stated that he has not paid the Property's mortgage for at least 11 years (and possibly more), and is disputing the validity of the note and deed of trust on the Property as the plaintiff in the Second Lawsuit; and

WHEREAS, on July 26, 2022, the Trustee appeared in the Second Lawsuit, and filed a motion to substitute in as plaintiff in that lawsuit in the place and stead of Debtor; and

WHEREAS, the Parties hereto have reviewed their respective claims and defenses, and have arrived at a settlement between them, and agree to be bound by the terms and obligations of this Agreement, and do so freely and voluntarily, after having had the opportunity to seek the advice of counsel; and

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, the Parties agree as follows:

## TERMS OF THE AGREEMENT

1. **Contingent on Bankruptcy Court Approval**. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. Counsel for the Settling Parties shall prepare and file a motion to obtain such approval (the "*Motion to Approve*"). If the Bankruptcy Court does not approve this Agreement, then this Agreement, and all of the obligations and releases contained herein, shall be null and void.

2. **Effective Date**. The effective date of this Agreement (the "*Effective Date*") shall be the date when an order approving this Agreement is docketed in the Bankruptcy Case. All terms contained herein shall become effective only on the Effective Date.

3. **Consideration**. The Parties agree as follows:

    (a) *Payment; Payment Terms*. PHH shall cause a total of $12,000.00 (the "*Settlement Amount*") to be paid the Bankruptcy Estate. This payment shall be paid within 30 days after the Effective Date. Payment shall be by check, made payable to "Robert E. Atkinson, Trustee" and delivered to his office at 376 E Warm Springs Rd Suite 130, Las Vegas, 89119. The Trustee shall provide a W9 for the Bankruptcy Estate to counsel for the Settling Parties.

    (b) *Dismissal of Second Lawsuit*. On the Effective Date, the Trustee and the Settling Parties shall dismiss the Second Lawsuit, with prejudice. The Trustee and the Settling Parties shall cooperate (whether by stipulation, motion, or otherwise) to do so. The stipulated dismissal or motion will dissolve the preliminary injunction in the Second Lawsuit and direct that all monies that District Courts holds as a bond for the preliminary injunction be executed in favor of "PHH Mortgage Corporation."

    (c) *Releases*. The Parties agree to the releases in Section 4 below.

4. **Releases.**

   (a) ***Release of the Settling Parties***. On the Effective Date, the Trustee (on behalf of the Bankruptcy Estate) absolutely and forever releases the Settling Parties, along with any loan servicer ever used by any of the Settling Parties for the Property (collectively, the "***Released Parties***"), from any and all claims for relief, causes of action, derivative claims, and attorneys' fees and costs, known or unknown, whether at law or in equity, which the Bankruptcy Estate now holds or has ever held against the Released Parties. The release specifically includes, but is not limited to: (i) all claims that were pled by Galietti in his first amended complaint in the Second Lawsuit (namely Quiet Title, Wrongful Foreclosure, Injunctive Relief), (ii) all claims that could have been pled by Galietti against any of the Released Parties in the Second Lawsuit, and (iii) any right of rescission under the federal Truth in Lending Act ("TILA") and any other claims they may have, whether known or unknown, fixed or contingent, under TILA, the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement and Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), or their implementing regulations, or any corresponding state law statute or provision concerning the Note, the Mortgage, the Loan, and/or the Action. It is the intention and effect of this release to discharge all claims that the Galietti may have against Citibank Trustee, PHH, and Western Progressive.

   (b) ***Lift of Automatic Stay***. The automatic stay of 11 U.S.C. § 362(a) shall be lifted for the Released Parties, against both the Debtor and the Property, to permit the resumption of a foreclosure on the Property.

5. **Release Limitations:** This Agreement does not release: (1) claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement; (2) any future disputes between Galietti and PHH, including its successors and assigns, which arise out of or relate to their continuing relationship as mortgagor and mortgagee; and (3) PHH's (including its successors' and assigns') right to foreclose.

6. **Attorneys' Fees.** With respect to all matters in the Bankruptcy Case, each Party shall bear its own attorneys' fees and costs.

7. **Governing Law; Jurisdiction**. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of, enforcement of, or any disputes arising from or related to, this Agreement.

8. **Authority**. Each Party and signatory represents, warrants and covenants that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party to this Agreement. Each of the Parties represent that they have received independent legal advice, or have had the opportunity to receive independent legal advice, with respect to the terms of and advisability of executing this Agreement.

9. **Severability**. This Agreement shall be enforced to the maximum extent permitted by law. In the event that any one or more of the phrases, sentences, sections, or

paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10. **Entire Agreement**. This Agreement embodies the entire agreement and understanding by and between the Trustee, on one hand, and the Settling Parties, on the other hand. This Agreement supersedes any and all prior or concurrent agreements, negotiations, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any. This Agreement is a fully-integrated document, and no Party has made any representations upon which the other Party has relied that are not contained in this Agreement relating to the foregoing matters. No Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

11. **No Modification, Waiver, or Amendment**. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by all Parties and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12. **Counterparts**. The Parties agree that this Agreement may be executed in counterparts and may furthermore be executed by a Party on a scan of a counterpart executed by another Party. The Parties agree to cause their counsel to retain the originals of signed counterparts until 15 days after the Effective Date, after which they may be disposed of without notice.

13. **Successors**. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

14. **Further Assurances**. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

# # # # #

***AGREED:***

**BANKRUPTCY ESTATE:**

_[signature]_

Robert E. Atkinson, *in his capacity as trustee of the Bankruptcy Estate of DIEGO GALIETTI, Nevada bankruptcy case 22-12001-nmc*

**WESTERN PROGRESSIVE-NEVADA, INC.**

Signature: _____

Printed Name: _____

Title: _____

Date: _____

**CITIBANK, N.A.** *as Trustee of the American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3,* **by its attorney in fact PHH Mortgage Corporation**

Signature: _Mark F[signature]_

Printed Name: **Mark Feliciano**

Title: **Authorized Signer**

Date: 8-22-22

Settlement Agreement | Page 5

*AGREED:*

**BANKRUPTCY ESTATE:**

_____
Robert E. Atkinson, *in his capacity as trustee of the Bankruptcy Estate of DIEGO GALIETTI, Nevada bankruptcy case 22-12001-nmc*

**WESTERN PROGRESSIVE-NEVADA, INC.**

Signature: *Philip C. Johnsen*

Printed Name: Philip C. Johnsen

Title: SVP/GM

Date: August 18, 2022 | 10:21 EDT

**CITIBANK, N.A.** *as Trustee of the American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3,* **by its attorney in fact PHH Mortgage Corporation**

Signature: _____

Printed Name: _____

Title: _____

Date: _____